UNITED STATES v. HUNTER & WITCOMBE.

(Circuit Court of Appeals, Second Circuit. March 26, 1907.)

No. 232 (3,978).

CUSTOMS DUTIES—RELIQUIDATION—DUTY OF COLLECTOR.

    The Board of General Appraisers sustained an importer's protests, directing that the collector should reliquidate the duties at the rates appearing to be applicable "from the invoices, samples, or record," or, in the absence of sufficient data, should reliquidate at the rate of 40 per cent. ad valorem. *Held*, that the terms of this decision did not require the collector to consider data outside of the record made before the Board.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decision of the Circuit Court, which reversed a decision of the Board of General Appraisers (Ga. 5,985 [T. D. 26,210]), sustaining the reliquidation of duties on certain cotton goods.

The opinion of the court below is as follows:

WHEELER, District Judge. These are cotton goods which were assessed at 45 per cent. under paragraph 322 of the act of July 24, 1897, c. 11, § 1, Schedule I, 30 Stat. 179 [U. S. Comp. St. 1901, p. 1661]. They were countable under paragraphs 304 to 309, and on protest and appeal reliquidation was ordered: "(2) That where the particulars of count of threads, condition, weight, value, etc., necessary to reliquidation, can be ascertained from the invoices, samples, or record, reliquidation will proceed at the applicable rates thus ascertained; that as to all items and cases wherein these cannot be ascertained from the invoices, samples, or records, the statutory particulars above stated, or any of them, sufficient for reliquidation at the appropriate rate, such re-

liquidation is, for want of proof in support of the protests, denied, but in such cases reliquidation at the rate of 40 per cent. ad valorem, the minimum rate applicable to such goods as countable cottons, will follow." On reliquidation the collector reported: "I have to state that the entries in question were reliquidated in strict conformity with the decision of the Board of Appraisers of May 27, 1904, supra, and in the reliquidations, as the invoices failed to state whether the merchandise was bleached, unbleached, or colored, this office applied the rate of 40 per centum ad valorem, as directed by the Board in the second holding of said decision."

This appears to have been done upon the record, so called, as it came from the Board, without examining or considering the government samples; and the importers within 10 days from the reliquidation protested against this rate of 40 per cent. The protests are said not to have been in time, but they appear to have been within 10 days of this assessment of 40 per cent.

The statute requires one package of every invoice and at least one of every ten to be designated, opened, examined, and appraised, and ordered to the public stores for examination. Rev. St. § 2901 [U. S. Comp. St. 1901, p. 1921]. These packages belong to the collector for the purposes of classification and appraisal, and he could not be without means more or less convenient for making these appraisals. The protests against the reliquidation at 40 per cent. seem to be well founded and in due time; and it is not easy to see why the highest duty in a varying schedule should be laid for mere want of description.

Decision reversed.

J. Osgood Nichols, Asst. U. S. Atty. (Charles Duane Baker, on the brief), for United States.

Comstock & Washburn (J. Stuart Tompkins, of counsel), for importers.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

LACOMBE, Circuit Judge. The goods consisted of cotton curtains, table covers, and other similar merchandise, and were assessed for duty at 45 per cent. ad valorem as manufactures of cotton not specially provided for, under paragraph 322 of the Tariff Act of July 24, 1897, c. 11, § 1, Schedule I, 30 Stat. 179 [U. S. Comp. St. 1901, p. 1661]. The importers protested, claiming that they should be classified according to the various provisions of the "countable" paragraphs of the cotton schedule. These paragraphs (304 to 309) prescribe rates of duty which vary with the number of threads to the square inch, and vary also with the condition of the cotton cloth, whether bleached, dyed, colored, printed, etc., or not. In order to decide what rate of duty any particular piece of cotton cloth shall pay, evidence of some sort must be presented to the official who has to decide, showing how many threads there are to the square inch, and whether it is or is not bleached, dyed, etc. Upon receipt of these protests, the collector undertook to transmit to the Board of General Appraisers the invoices and all the papers and exhibits connected therewith, and the board undertook to examine and decide the case. Under section 16 of the customs administrative act of 1890 (Act June 10, 1890, c. 407, 26 Stat. 138 [U. S. Comp. St. 1901, p. 1935]), the Board is given power to take additional proof, and it is, and always has been, the practice for the importer and the government to offer to the Board any testimony which either side may think tends to support its contention. When the Board has decided such question, and no appeal

is taken, it is the duty of the collector to liquidate the entry accordingly.

In this particular case the papers and exhibits which the collector transmitted to the Board were not sufficient to show the precise character and condition of the different articles so as to enable it to determine the exact rates of duty, and the importers failed to produce the additional evidence, which it would seem they might readily have procured, to secure such determination. The decision of the Board was as follows:

"Where the particulars of count of threads, condition, weight value. etc., necessary to reliquidation, can be ascertained from the invoices, samples, or record, reliquidation will proceed at the applicable rates thus ascertained; that as to all items and cases wherein there cannot be ascertained from the invoices, samples, or records, the statutory particulars above stated, or any of them, sufficient for reliquidation at the appropriate rate, such reliquidation is, for want of proof in support of the protests, denied, but in such cases reliquidation at the rate of 40 per cent. ad valorem, the maximum rate applicable to such goods as countable cottons, will follow."

No appeal was taken from this decision. Upon reliquidation the collector made return that, as the invoices failed to state whether the merchandise was bleached, unbleached, or colored, he applied the rate of 40 per cent. ad valorem as directed by the Board.

Against this reliquidation the importers protested, upon the ground that the collector "should have reliquidated the duty at 35 per cent. ad valorem; the particulars shown on invoice and entry being sufficient to show that no higher rate could be applicable, but only 35 per cent., or some lower rate." If the facts were as stated in this protest, it is manifest that there was the same defect of proof which existed when the Board directed reliquidation at 40 per cent. There is no averment that the invoice and entry were sufficient to show exactly under which specific provision any article should be placed. Some contention is made upon the proof that the collector did not supplement the record before him by sending to the appraiser's office or elsewhere for samples of the goods; but this was not an original liquidation. The Board, upon a case made by the importers, had decided that the proper rate was 40 per cent., and gave them one more chance to show exactly under what clauses their various goods belonged. If the record sent back to the collector from the Board lacked proof sufficient to show this, it was for the importers to supply such further evidence as the decision allowed them to produce. Moreover, an examination of the record now before us leads to the conclusion that the samples from the appraiser's office would not have helped the situation, unless they were supplemented by evidence of the importers as to the meaning of certain arbitrary letters "P," "S. W.," etc., found upon the invoices. But the decision of the Board admitted no such proof. Reliquidation was to be had on "invoices," "samples," and "record," which we assume means the record already made, and which was before the Board.

We concur, therefore, with the Board, in the conclusion that there was not sufficient data before the collector to enable him to reliquidate at lesser rates than the 40 per cent. which the Board had already fixed upon "for want of proof in support of the protests."

The decision of the Circuit Court is reversed.